UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTONIO DEJES MARTINEZ CHAVEZ,

      Plaintiff,

v.

GARRETT RIPA, FIELD OFFICE DIRECTOR OF ENFORCEMENT AND REMOVAL OPERATIONS, MIAMI, FIELD OFFICE, IMMIGRATION AND CUSTOMS ENFORCEMENT; SECRETARY KRISTI NOEM, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA JO BONDI, U.S. ATTORNEY GENERAL; AND WARDEN MATTHEW MORDANT, WARDEN OF SOUTH FLORIDA DETENTION CENTER,

      Defendants.

Case No. 2:25-cv-1088-KCD-DNF

## ORDER

The Central District of California has certified a class action of noncitizens who have been denied an immigration bond hearing. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). The California court has also granted substantive relief, finding that the Government's policy of mandatory detention for all noncitizens arrested in

the United States is unlawful. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861 (C.D. Cal. Nov. 20, 2025).

As best the Court can tell, Plaintiff falls within the class definition established by the California court. Plaintiff is a noncitizen in the United States without lawful status who entered without inspection, was not apprehended upon arrival, and is not subject to mandatory detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231. (*See* Doc. 1.) Plaintiff also raises the same claims as the California plaintiffs. (*Id.* at 22-24.)

All members of a certified class, including absent and future members, are equally bound by a class action judgment. *See, e.g., Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974) (holding that class action judgments, "whether favorable or not, will bind all class members" who did not request to be excluded). A judgment in favor of the plaintiff class extinguishes the underlying claims, and basic principles of *res judicata* and collateral estoppel apply. *See Cooper v. Federal Reserve Bank,* 467 U.S. 867, 874 (1984).

Since Plaintiff is a member of the California class, and the court there has granted relief against the policy he attacks here, it would seem that this case is now moot. "A case becomes moot when the dispute between the parties no longer rages, or when one of the parties loses his personal interest in the outcome of the suit." *Holstein v. City of Chi.,* 29 F.3d 1145, 1147 (7th Cir. 1994). "[I]f events subsequent to the filing of the case resolve the parties' dispute, the

court must dismiss the case as moot." *Hill v. Genuine Parts Co.*, No. 1:18-CV-1550 AWI SAB, 2019 WL 3564153, at *2 (E.D. Cal. Aug. 6, 2019).

Since Plaintiff has secured relief through the California case, the parties are directed to **SHOW CAUSE** why this matter should not be dismissed as moot. This supplemental briefing is limited to ten pages and is due on or before December 9, 2025.

**ORDERED** in Fort Myers, Florida on December 4, 2025.

Kyle C. Dudek
United States District Judge